# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**DEIDRE WHITE**                                                                   **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO.** 3:21-cv-738-KHJ-MTP

**DOLGENCORP, LLC;**
**AND JOHN DOES 1-10**                                                       **DEFENDANTS**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Dolgencorp, LLC, by and through counsel, has removed Civil Action No. 21-676 filed in the First Judicial District of the Circuit Court of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this removal, Defendant would respectfully show unto the Court the following:

### I. CIVIL ACTION REMOVED

1.

On September 30, 2021, Plaintiff Deidre White ("Plaintiff") filed a Complaint in state court against Defendant alleging that Plaintiff "slipped" and fell while shopping at a Dollar General store in Jackson, Hinds County, Mississippi, on October 13, 2020. *See. Pl.'s Compl.,* attached hereto as Exhibit "A". The state court action is styled *Deidre White v. Dolgencorp, LLC; and John Does 1-10;* In the Circuit Court of the First Judicial District of Hinds County, Mississippi; Cause No. 21-676. *See Pl.'s Compl.*, attached hereto as Exhibit "A". A complete, certified copy of the state court file has been requested and will be filed in the next few days following the filing of this Notice.

1

## II. TIMELINESS OF REMOVAL

2.

Plaintiff served Defendant with the Summons and Complaint on October 26, 2021. On November 2, 2021, Defendant removed the case to this Court based upon the Complaint's allegations and Fifth Circuit law. This Court remanded the case on November 2, 2021, finding that the amount in controversy for federal subject-matter jurisdiction was not facially apparent from Plaintiff's Complaint. Nationwide answered the Complaint and propounded Requests for Admission to Plaintiff regarding the amount in controversy. On November 12, 2021, Plaintiff served her Responses to Defendant's Requests for Admission. A copy of the Notice of Service of Plaintiff's Responses is attached as Exhibit B.

3.

Plaintiff admits that she will seek damages in excess of $75,000 from Nationwide. Moreover, she admits that the amount of damages she claims against Defendant is more than $75,000. Plaintiff admits that she will execute on any judgment in excess of $75,000. A copy of Plaintiff's Responses to Defendant's Requests for Admission is attached as Exhibit C.

4.

The statute governing the procedure for removing civil actions provides as follows:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis added). Moreover, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000], information relating to the amount in controversy . . . in responses to discovery, shall be treated

as an 'other paper' under subsection (b)(3).'' § 1446(c)(3)(A). Courts have consistently held a defendant's removal to be timely if it occurs within thirty (30) days after receiving a plaintiff's responses to requests for admission whereby the defendant first discovers that the amount in controversy exceeds $75,000. *See Church v. Nationwide Ins. Co.*, No. 3:10-CV-00636-CWR-LRA, 2011 U.S. Dist. LEXIS 58956, at *10-11 (S.D. Miss. May 26, 2011) (holding that defendant's removal was timely when made within thirty days after plaintiff responded to requests for admission and denied that amount in controversy was less than $75,000); *Johnson v. Value Place Franchises Servs., LLC*, No. 3:09-cv-121 HTW-LRA, 2010 U.S. Dist. LEXIS 44161, at *5-7 (S.D. Miss. Apr. 20, 2010) (holding that defendants' removal was timely when notice of removal was served within thirty days of plaintiff serving her responses to requests for admission and admitting that she was seeking damages exceeding $75,000); *Reed v. Flores*, No. 1:09CV84-SA-JAD, 2009 U.S. Dist. LEXIS 105175, at *6 (N.D. Miss. Nov. 10, 2009) (holding that notice of removal was timely because defendants could first ascertain that plaintiff sought over $75,000 in damages when they received plaintiff's response to their request for admission).

5.

Defendant could first ascertain that Plaintiff sought over $75,000 from it when Plaintiff served her Responses to Defendant's Requests for Admission on November 12, 2021. *See* Ex. B. Pursuant to the authorities mentioned above, Defendant's removal is timely because it has been made within thirty (30) days of receiving Plaintiff's Responses in which Plaintiff unequivocally admits that the amount in controversy of her claim against Defendant exceeds $75,000.

### III. COMPLETE DIVERSITY OF PARTIES

6.

In her Complaint, Plaintiff alleges she resides in Hinds County, Mississippi. *See* Exhibit "A". At all relevant times, Dolgencorp, LLC, owned and operated the Dollar General store where Plaintiff's alleged incident occurred. Dolgencorp, LLC, moreover, is a limited-liability company organized under Kentucky law.

7.

As a result, for purposes of diversity jurisdiction, Defendant Dolgencorp, LLC, which owned and operated the store where Plaintiff's alleged incident occurred, is a citizen of Kentucky. According to 28 U.S.C. § 1332, complete diversity of citizenship exists between Plaintiff and Dollar General Corporation, and Defendant Dolgencorp, LLC.

### IV. AMOUNT IN CONTROVERSY

8.

As stated above, Plaintiff has unequivocally admitted in her Responses to Defendant's Requests for Admission that the value of her claim against Defendant exceeds $75,000. *See* Ex. C. This conclusively establishes the amount in controversy required for federal subject-matter jurisdiction. *See McLain v. Am. Int'l Recovery*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) (plaintiff's discovery response denying that his damages do not exceed $75,000 "will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied").

### V. VENUE

9.

Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Hinds County, Mississippi, First Judicial District.

## VI. NOTICE TO STATE COURT

10.

Defendant will promptly file a true and correct copy of this Notice of Removal with the Circuit Court of Hinds County, Mississippi, First Judicial District. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

## VII. NOTICE TO PLAINTIFF

11.

Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## VIII. CONCLUSION

12.

For the previous reasons, Defendant requests that this Court receive and place on its docket this Notice of Removal and that the Circuit Court of Hinds County, Mississippi, First Judicial District, not proceed any further in this action. The Court should retain jurisdiction over Plaintiff's claim against Defendant based upon the complete diversity of the remaining parties and an amount in controversy exceeding $75,000. Defendant further requests any additional relief to which it may be entitled.

Dated: November 16, 2021.

Respectfully submitted,

**DEFENDANT, DOLGENCORP, LLC**

By: */s/ Mark C. Carlson*
Mark C. Carlson (MSB #5871)

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 200
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
601.856.7200 F+601.856.7626
mcarlson@cctb.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Mark C. Carlson, certify that on November 16, 2021, I served a true and correct copy of the previous document by email to the following:

    Harry M. McCumber, Esq.
    Morgan & Morgan, PLLC
    4450 Old Canton Road, Suite 200
    Jackson, Mississippi 39211
    hmccumber@forthepeople.com
    *Attorney for Plaintiff*

                                              */s/ Mark C. Carlson*
                                              Mark C. Carlson