IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

**DEIDRE WHITE**                                                                                    **PLAINTIFF**

**VS.**                                                        CAUSE NO.: 21-3364

**DOLGENCORP, LLC; AND
JOHN DOES 1-10**                                                                                  **DEFENDANT**

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, Deidre White, (hereinafter "Plaintiff") by and through her counsel of record, and hereby files this Complaint against Dolgencorp, LLC and John Does 1-10 (sometimes herein referred to as "Defendant"), and in support thereof states as follows:

### I. PARTIES

1. The Plaintiff is an adult resident citizen of Hinds County, Mississippi, and presently resides at 243 Winfield Street, Jackson, Mississippi 39212.

2. The Defendant, Dolgencorp, LLC., is a Limited Liability Company incorporated in the State of Kentucky, and doing business in the State of Mississippi, whose agent for service of process is Corporation Service Company located at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110 or wherever they may be found.

3. Defendant, John Does 1-10, are other Defendants whose names, whereabouts, and/or involvement are at this time unknown to the plaintiff but who may be added at a later date. John Does 1-10 include owners, operators, managers, and all other entities, corporate and/or individuals of the Defendant Dolgencorp, LLC and/or other persons, entities, and/or corporations that were in some manner negligently and proximately responsible for the events and happening alleged in this Complaint and for Plaintiff's injuries and damages.

1

**Exhibit A**

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Hinds County, Mississippi, and the cause of action occurred and/or accrued in Hinds County, Mississippi.

## III. FACTS

5. The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6. At all times mentioned in this Complaint, the Defendant managed, leased, owned and/or operated the store located at 4514 Terry Road, Jackson, Mississippi 39212.

7. At all times mentioned in this Complaint, the Defendant invited the general public, including the Plaintiff, to enter Defendant's store located at 4514 Terry Road, Jackson, Mississippi 39211 for reasons mutually advantageous to both the Defendant and Plaintiff.

8. On or about October 13, 2020, Plaintiff, Deidre White, was lawfully on the property of the Defendant's store located within the geographical boundaries of Hinds County, Mississippi, located at 4514 Terry Road, Jackson, Mississippi 39212. After entering the store, suddenly and without warning Plaintiff slipped and fell in an unknown liquid substance, with no warning signs of same, causing Plaintiff to sustain injuries including but not limited to her right knee pain.

## COUNT 1- CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, DOLGENCORP, LLC

9. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

10. At said time and place, Defendant, as owner and/or operator of the store, owed a duty to the Plaintiff to keep the premises in a reasonably safe condition, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, to conduct reasonable inspections to discover dangerous conditions existing on the premises, and to correct any such dangerous conditions.

11. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the floors, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing the store, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

**Exhibit A**

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's premises flooring for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was not given to guests at the premises;

j) Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by a liquid substance, low to the ground and difficult to see without any warnings to Plaintiff, that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

k) Negligently failing to act reasonably under the circumstances;

l) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

n) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

o) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

p) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

q) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

**Exhibit A**

## COUNT II- CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDNAT, DOLGENCORP, LLC

12. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through eight (8) as if fully set forth herein.

13. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the floors, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently creating a slip and fall hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the floors, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing the store, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

   g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the Defendant's premises flooring for dangerous conditions;

   h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

**Exhibit A**

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was not given to guests at the premises;

j) Negligently failing to have adequate policies in place to identify and correct dangerous conditions created by a liquid substance, low to the ground and difficult to see without any warnings to Plaintiff, that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

k) Negligently failing to act reasonably under the circumstances;

l) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

m) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

n) Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

o) Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

p) Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

q) Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

14. Further, Defendant was negligent through the actions and inactions of it agents, representatives, and/or employees. The negligence of the Defendant includes, but is not necessarily limited to, the following:

Exhibit A

    a)     Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including liquid on the floor;

    b)     Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions in the building, including liquid on the floor;

    c)     Failure to comply with industry standards/regulations and the law of the State of Mississippi; and

    d)     Other acts of negligence to be shown at the trial of this cause.

15. As a result of Defendant's negligence, Plaintiff suddenly and without warning slipped and fell in Defendant's store due to an unknown liquid substance, with no warnings of same, causing Plaintiff to sustain injuries including but not limited to her right shoulder.

16. Defendant's breach of these duties proximately caused Plaintiff to suffer serious bodily injury and economic damages, including, but not limited to, the following:

    a.     past, present, and future physical pain and suffering;

    b.     past, present, and future medical expenses;

    c.     past, present, and future loss of enjoyment of life;

    d.     past, present and future mental and emotional pain and suffering;

    e.     permanent physical restrictions, limitations, and/or disability;

    f.     loss of earning;

    g.     loss of the ability to earn money;

    h.     aggravation of pre-existing condition; and

    i.     any other damages allowed by Mississippi law.

## PRAYER OF RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Deidre White, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental

**Exhibit A**

damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper.

RESPECTFULLY SUBMITTED, this the 28th day of September, 2021.

DEIDRE WHITE, PLAINTIFF

BY: _____
HARRY M. McCUMBER, Esq.

OF COUNSEL:

MORGAN & MORGAN, PLLC
Harry M. McCumber (MSB# 10632)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Telephone: (601) 718-0921
Facsimile: (601) 503-1650
Email: hmccumber@forthepeople.com

**Exhibit A**