UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEIDRE WHITE     PLAINTIFF

V.     CIVIL ACTION NO. 3:21-CV-738-KHJ-MTP

DOLGENCORP, LLC;
AND JOHN DOES 1-10     DEFENDANTS

ORDER

Before the Court is Plaintiff Deidre White's [44] Motion in Limine and Defendant Dolgencorp, LLC's ("Dolgencorp") [45] Motion in Limine. For the following reasons, the Court grants in part and denies in part White's [44] Motion and grants Dolgencorp's [45] Motion.

I. Background

This case arises from a fall that occurred on October 13, 2020. Am. Compl. [9] ¶ 8. White was shopping at a store owned and operated by Dolgencorp when she slipped and fell in an unknown liquid substance. *Id.* ¶¶ 6, 8. Both parties have now filed Motions in Limine to exclude certain evidence in preparation for trial on April 17, 2023. [44]; [45].

II. Standard

"The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their

complexity or potential prejudicial nature, are best addressed in the context of a motion in limine." *Raju v. Murphy*, No. 3:17-CV-357, 2022 WL 1608043, at *1 (S.D. Miss. May 21, 2022) (citation omitted). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Id.* (citation omitted). Accordingly, evidentiary rulings addressing broad classes of evidence "should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, C-04-552, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008). Rulings on motions in limine "are preliminary and are not final evidentiary rulings." *Blue Spike, LLC v. Audible Magic Corp.*, 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016). But if a motion in limine is granted, a party must obtain the trial court's permission, at the bench or otherwise outside the jury's presence, before asking potentially prejudicial questions or introducing potentially prejudicial evidence." *United States v. Esquivel Carrizales*, 566 F. Supp. 3d 721, 724 (S.D. Tex. Oct. 7, 2021).

    III.    Analysis

        A.  White's Motions in Limine

White seeks to exclude the following evidence from trial:

    1) Evidence of Collateral Sources

    2) Evidence of Alleged Bad Acts of White

    3) Evidence Not Disclosed or Produced During Discovery

    4) Evidence of the Time Period or Circumstances Under Which White Hired an Attorney

    5) Evidence of Whether or Not White's Counsel Referred Her to a Doctor

    6) Evidence Regarding Non-Existent Past Medical Records and/or Treatment

[44] at 1–5. Dolgencorp does not oppose motions 1-4. [48] at 1. Accordingly, they are GRANTED as confessed.

Motions 5-6 are too broad and vague for the Court to make an appropriate ruling before trial. White seeks to exclude "any evidence in any way relating to whether or not Plaintiff's counsel referred Plaintiff to any doctor," and "any statements . . . which would in any way suggest or infer that the Plaintiff has obtained any medical treatment or been diagnosed with any medical condition at issue in this cause before the date of the subject incident." *Id.* at 4–5. These objections should "be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context." *See Rivera*, 2008 WL 2966006, at *1. Accordingly, motions five and six are DENIED.

    B. Dolgencorp's Motions in Limine

Dolgencorp seeks to exclude the following evidence from trial:

    1) Evidence of Liability Insurance

    2) Evidence Regarding Settlement Offers and Discussions

    3) Golden Rule Arguments

    4) Evidence Not Disclosed or Produced During Discovery

    5) Arguments related to "personal safety," "community safety," "conscience of the community," "danger to the community," or other similar phrases and topics falling under the reptile theory.

3

[46] at 1–7. White does not oppose motions 1-4. [47] at 1. Accordingly, they are GRANTED as confessed.

As to motion five, White insists that she "does not intend to make any references or arguments not allowed by controlling case law, statutes, or the Federal Rules of Evidence." [47] at 2. But she contends that Dolgencorp's "request is so vague that [she] cannot agree to this Motion in Limine." *Id.*

The Fifth Circuit has condemned "community conscience" arguments and "all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty, and expectation." *Westbrook v. Gen. Tire and Rubber Co.*, 754 F.2d 1233, 1238–39 (5th Cir. 1985); *Jackson v. Low Constr. Grp., LLC*, No. 2:19-CV-130, 2021 WL 1030995, at *2 (S.D. Miss. Mar. 17, 2021). "Such appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." *Westbrook*, 754 F.2d at 1239. Several federal judges in this state have determined that "reptile theory" arguments fall into this category. *See Jackson*, 2021 WL 1030995, at *2; *Woulard v. Greenwood Motor Lines, Inc.*, 1:17-CV-231, 2019 WL 3318467, at *2–3 (S.D. Miss. Feb. 4, 2019); *Grisham v. Longo*, No. 3:16-CV-00299, 2018 WL 4404069, at *1 (N.D. Miss. Sept. 14, 2018); *see also Raymond James Tr., N.A., Tr. Of E.C. Care Tr. v. Natchez Hosp. Co., LLC*, No. 5:19-CV-103, 2022 WL 2232202, at *9 (S.D. Miss. June 21, 2022) (noting that the court was "inclined to agree" with the defendants that reptile theory arguments should be excluded but holding its ruling in abeyance until an upcoming conference). This Court agrees.

Accordingly, motion five is GRANTED as to references to personal safety, community safety, conscience of the community, danger to the community, or the reptile theory. The Court notes White's concern that Dolgencorp's objection is overly broad as to "other similar phrases and topics." *See* [47] at 2. But rulings on motions in limine are preliminary, not final. *See Blue Spike*, 2016 WL 3877291, at *1. White may raise any issues she has at trial outside of the jury's presence. *See Esquivel*, 566 F. Supp. 3d at 724.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court grants in part and denies in part White's [44] Motion in Limine and grants Dolgencorp's [45] Motion in Limine.

SO ORDERED AND ADJUDGED this the 29th day of March, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE